BRYAN L. HAWKINS, Bar No. 238346
bryan.hawkins@stoel.com
ROBERT SARKISIAN, Bar No. 327364
robert.sarkisian@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

*Attorneys for Defendant FIELDS SENIOR LIVING, LLC.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BEA MCGRIFF, an individual,

Plaintiff,

v.

FIELDS SENIOR LIVING, LLC, a Washington limited liability corporation; and DOES 1-10 inclusive,

Defendant.

Case No.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 ON GROUNDS (DIVERSITY JURISDICTION)**

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant FIELDS SENIOR LIVING, LLC ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction, pursuant to 28 U.S.C. § 1332, to effect the removal of the above-captioned action. The action was commenced in the Superior Court of the State of California for the County of Solano, and Defendant states that the removal is proper on the following grounds:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on diversity pursuant to 28 U.S.C. § 1332. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and complete diversity. Further, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II. VENUE

2. This action is now pending in Superior Court of the State of California, County of Solano, and thus may be properly removed to the United States District Court for the Eastern District of California, sitting in Sacramento, pursuant to 28 U.S.C. § 1441(a).

## III. PROCEDURAL HISTORY

3. This lawsuit arises out of Plaintiff's former employment with Defendant. On March 10, 2023, Plaintiff Bea McGriff filed a Complaint in the Superior Court of the State of California in and for the County of Solano styled *Bea McGriff v. Fields Senior Living, LLC.,* Case No. FCS059778 ("Complaint"). Plaintiff in her Complaint alleges the following causes of action: Discrimination and Harassment Based on Pregnancy in Violation of the Fair Employment and Housing Act ("FEHA"); Failure to Prevent Discrimination; Retaliation; Intentional Infliction of Emotional Distress; Unpaid Wages; Inaccurate Itemized Wage Statements; Late Payment of Wages; and Wrongful Termination. *See* Declaration of Robert Sarkisian ("Sarkisian Decl."), ¶ 2.

4. On or about March 15, 2023, Plaintiff served Defendant with the Complaint, which brings Defendant's deadline to file its Notice of Removal and/or respond to the Complaint to April 14, 2023. Sarkisian Decl., ¶ 6.

5. DOES 1 through 10 of Plaintiff's Complaint are unnamed and unknown, and to Defendant's knowledge, have not been served with Plaintiff's Summons and Complaint.

6. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Summons, Complaint, and other related documents filed by Plaintiff and Defendant in the Superior Court of the State of California, County of Solano, are attached to the Robert Sarkisian Declaration filed concurrently herein as Exhibit 1, and constitute all process, pleadings, and orders known by Defendant to exist in this action. Defendant is informed and believes that these Exhibits constitute the operative pleadings in the state court case file in this matter.

## IV. TIMELINESS OF REMOVAL AND CONSENT

7. Removal of a case to federal court is governed in part by 28 U.S.C section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30- day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

8. This petition is filed within thirty (30) days after Defendant was served with the Summons and Complaint. Specifically, on March 15, 2023, Plaintiff served the Complaint on Defendant. Sarkisian Decl., ¶ 6. Therefore, Defendant's removal of this action is considered timely.

## V. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

9. The Court has original jurisdiction of this action under 28 U.S.C. § 1332, and Defendant may remove it from state court to federal court pursuant to 28 U.S.C. § 1441(a), because this action involves a controversy that exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. **Plaintiff's Citizenship**. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of his or her domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff has provided information to Defendant

that, for all times relevant in the Complaint, she has and currently resides in the State of California. Therefore, Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California.

11. **Defendant's Citizenship**. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..." Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Washington, with its principal place of business in the State of Arizona. Sarkisian Decl., ¶ 8. Accordingly, Defendant is, and has been at all times since this action commenced, a citizen of Washington and Arizona.

12. **Doe Defendants**. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of DOE defendants in this case does not deprive this court of jurisdiction.

Accordingly, pursuant to 28 U.S.C. § 1332(c), there is complete diversity.

13. **Amount in Controversy**. In this case, Plaintiff did not specifically allege the amount in controversy. An action may be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must establish that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co., supra,* 102 F.3d at 404.

In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorney's fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963 (punitive damages must be taken into account where recoverable under state law); *Conrad Associates v. Hartford Acc. & Ind.*

*Co.,* 994 F.Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

14. **Damages**. Plaintiff in her Complaint alleges "[a]s a direct and proximate result of Defendants' conduct…Plaintiff alleges that he(sic) will suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial." Complaint ¶ 28. Plaintiff further alleges "Plaintiff's emotional wellbeing has been substantially suffered and will continue to suffer" and that she "experienced and continues to experience severe emotional distress, in an amount to be proven at trial." Complaint, ¶ 29.

Plaintiff worked as an hourly employee for Defendant at an hourly rate of pay of $16.50 per hour. Complaint, ¶ 9. Plaintiff through her Wrongful Termination in Violation of Public Policy claim seeks compensatory damages in the form of front-pay damages. *See generally* Complaint. Plaintiff at a minimum seeks front-pay damages for the time she was terminated from Defendants through the time of trial, which conservatively speaking would span one-year. *See Terrell v. Brinker Int'l Inc.*, No. EDCV 161201-GW (KKx), 2016 WL 4224962, at *1 (C.D. Cal. Aug. 8, 2016). Assuming, conservatively, Plaintiff worked a regular, full-time schedule of 40 hours per week across 52 weeks in a calendar year, Plaintiff would therefore be entitled to at least $34,320. This is in addition to the "several hours of unpaid wages" Plaintiff seeks through her Fifth Cause of Action. Complaint, ¶ 40.

Moreover, Plaintiff seeks damages for emotional distress, which is also considered in determining whether the amount-in-controversy has been met. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Plaintiff alleges that she was wrongful terminated for having been allegedly subjected to unlawful discrimination and retaliation. *See generally* Complaint. Courts have issued significant awards for emotional distress alone in cases similar to Plaintiff's,. *Lane v. Hughes Aircraft Co*., JVR No. 801112 (2000) (awarding a plaintiff in a wrongful termination case $3.5 million dollars in emotional distress damages.)

Although Plaintiff does not specify how much she is seeking in emotional distress damages, it is without question that any potential emotional distress damages Plaintiff would be awarded if she were to succeed could be substantial.

Plaintiff claims entitlement to other compensatory damages, statutory penalties, punitive damages, and attorney's fees as discussed in more detail below.

15. **Statutory Penalties.** In addition to damages, Plaintiff also seeks an award of "statutory penalties" for her claims. Based on the allegations in her Complaint, Plaintiff would be entitled to the following penalties if she were to succeed on each of her causes of action:

a. If Plaintiff were to succeed on her claim for Fifth Cause of Action for Unpaid Wages, she would be entitled to up to 30 days of her daily wages in waiting-time penalties. Cal. Labor Code § 203. Plaintiff was earning $16.50 an hour while working for Defendant, so her daily wages equal approximately $132 for an eight-hour workday. Plaintiff would be entitled to approximately $3,960, in waiting-time penalties if she were to succeed on this cause of action.

b. If Plaintiff were to succeed on her Sixth Cause of Action for Failure to Provide Accurate Itemized Wage Statements, she would be entitled to penalties of up to $4,000. Labor Code § 226.

c. If Plaintiff were to succeed on her claim for Retaliation in Violation of Labor Code § 1102.5, she would be entitled to "a civil penalty not exceeding ten thousand dollars for each violation…." Cal. Labor Code § 1102.5(f).

Therefore, Plaintiff in her Complaint can recover up to $7,960, in statutory penalties.

16. **Attorney's Fees**. Requests for attorney's fees must be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia, supra*, 142 F.3d at 1156 (claims for statutory attorneys to be included in amount of controversy, regardless of whether award is discretionary or mandatory). Future attorneys' fees recoverable by statute or contract are to be considered in determining whether the amount in controversy is met. *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The "mere futurity" of attorneys' fees and costs does not preclude them from being included. *Id*.

Plaintiff would be entitled to recover attorneys' fees in bringing her FEHA and Labor Code claims if she were to succeed at trial. Assuming Plaintiff does not exceed the amount-in-controversy requirement through her attorneys fees alone, her claim for compensatory damages, emotional distress damages, and civil penalties coupled with her claim for attorneys' fees would

necessarily equate to over $75,000. Accordingly, Plaintiff's claims establish that the amount in controversy exceeds $75,000.

17. **Punitive Damages**. Plaintiff seeks an unspecified amount in punitive damages, which may be included in the amount in controversy calculation. *See Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002) ("It is well established that punitive damages are part of the amount in controversy in a civil action.")

Although Plaintiff does not plead a specific amount in punitive damages, courts have awarded significant punitive damage awards in cases similar to Plaintiff's. *See, e.g., Prasad v. University of Cal. Davis Med. Ctr.,* JVR No. 802857 ($60,000 punitive damage award); *Carrol v. Interstate Brands Corp. dba Wonderbread, dba Hostess & dba Dolly Madison, et al.,* Cal.Super.Ct. for the County of San Francisco Case No. 995728, 1 C.E.L.M. 68 (Sept.2000) ($121,000,000 punitive damage award); *Lane v. Hughes Aircraft Co.,* JVR No. 801112 ($40,000,000 punitive damage award).

Because Plaintiff could potentially be awarded a substantial amount in punitive damages, it necessarily follows she meets the amount-in-controversy requirement.

## VI. SERVICE OF NOTICE OF REMOVAL

Concurrent with the filing of this Notice of Removal, Defendants will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Superior Court of the State of California for the County of Solano, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Solano, to the United States District for the Eastern District of California.

DATED: April 14, 2023

STOEL RIVES LLP

/s/Bryan L. Hawkins

BRYAN L. HAWKINS
ROBERT SARKISIAN
*Attorneys for Defendant FIELDS SENIOR LIVING, LLC.*